

United States District Court
Southern District of Texas
FILED

FEB 17 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| COMPLAINT OF BLESSEY MARINE | § | NO. B-04-024 |
| SERVICES, INC. AND BLESSEY | § | |
| ENTERPRISES, INC., AS OWNER, | § | |
| OWNER PRO HAC VICE, AND/ | § | |
| OR OPERATOR OF THE M/V | § | |
| MARTHA OLIVER, IN A CAUSE OF | § | |
| EXONERATION FROM AND/OR | § | |
| LIMITATION OF LIABILITY, CIVIL | § | ADMIRALTY |
| AND MARITIME | | |

## COMPLAINT

TO THE HONORABLE JUDGES OF SAID COURT:

The Complaint of Blessey Marine Services, Inc. and Blessey Enterprises, Inc. as Owner, Owner Pro Hac Vice and/or Operator of the M/V MARTHA OLIVER, in a Cause of Exoneration from and/or Limitation of Liability, Civil and Maritime, respectfully shows:

I.

This is a case of admiralty in the maritime jurisdiction within the meaning of Rule 9(h), as hereinafter more fully appears.

II.

At all times hereinafter mentioned and material hereto, Plaintiffs were and are corporations duly organized and existing under the laws of the State of Louisiana, having their principal place of business in Harahan, Louisiana, and were the owner, owner pro hac vice, and/or operator of the M/V MARTHA OLIVER.

473999.1/SPH/10307/0113/021504

### III.

Prior to the events hereinafter described, the M/V MARTHA OLIVER was a 1350 hp steel-hulled tugboat of American build, approximately 68 feet in overall length. Its Official No. is 1033532. At all times hereinafter mentioned, it was employed principally in the business of transporting liquid cargo in the inland waterways of the United States.

Said vessel at all times mentioned herein was tight, staunch and strong, and seaworthy, and was properly equipped and supplied. It was in all respects fit for the service in which it was engaged. The Plaintiffs, as owner, owner pro hac vice, and/or operator of said vessel, at the commencement of the voyage hereinafter mentioned, and at all times material hereto, exercised due diligence to make said vessel tight, staunch and strong, properly, equipped and supplied, and in all respects seaworthy.

### IV.

On or about July 15, 2002, Carlos Vasquez sustained personal injury while employed aboard the M/V MARTHA OLIVER in the capacity as a crew member of the vessel. On that occasion, the vessel was in the process of re-configuring a tow for a voyage. Although the vessel was underway, it was not engaged in a commercial voyage at the time of the incident involving Mr. Vasquez, so there was no pending freight. The vessel was not damaged in any way during this incident. Notice of Mr. Vasquez's claim was given on or about August 22, 2003.

### V.

Following the casualty, Carlos Vasquez filed suit against Complainants seeking damages allegedly sustained as a result of the incident. This suit was non-suited on or about August 26, 2003, then reinstated on or about September 29, 2003, and is now

Complaint of Blessey Marine Services, Inc.   2

473999 1/SPH/10307/0113/021504

pending in the 206th District Court of Hidalgo County, Texas, under cause no. C-1741-03-D.

## VI.

Plaintiffs deny that they or the M/V MARTHA OLIVER or any persons or property for whom they may be responsible are liable to any extent in the premises, and in that regard the Plaintiffs desire to claim exoneration from liability of all claims, damages and destruction done, occasioned or incurred by any reason of the matters aforesaid. In the alternative and without admitting liability, Plaintiffs aver that in the event it or the M/V MARTHA OLIVER should be held responsible to Carlos Vasquez by reason of the matters aforesaid, Plaintiffs and the M/V MARTHA OLIVER claim the benefit of limitation of liability as provided for in Section 181 through Section 189 of Title 46 of the United States Code and all laws supplementary thereto and amendatory thereof.

## VII.

All of the losses, damages, injuries and destruction resulting from the aforesaid incident were done, occasioned, and incurred without fault on the part of the Plaintiffs and without Plaintiffs' privity or knowledge.

## VIII.

The losses, damages and injuries sustained by any and all parties which may have resulted from the aforesaid incidents were not caused or contributed to by any fault, neglect, want of care, or unseaworthy condition on the part of the M/V MARTHA OLIVER or those in charge of it, or the Plaintiffs herein, or anyone for whom said Plaintiffs may be responsible, but were caused wholly and solely by a combination of factors for which no responsibility lies with the said vessel nor with the Plaintiffs herein.

### IX.

Further, in the alternative, Plaintiffs allege that the incident in question was the result of an unavoidable accident.

### X.

Regardless of the above, the losses, damages, injuries and destruction to any and all parties arising from said incident were occasioned and occurred without the privity, knowledge, design or neglect of the Plaintiffs or anyone for whom they may be responsible. A claim potentially exceeding the value of the said vessel M/V MARTHA OLIVER and its pending freight has been made against the Plaintiffs for damages and losses resulting from this incident.

### XI.

The demands made and expected to be made against Plaintiffs are set forth as follows:

Carlos Vasquez
c/o Jerry J. Treviño
Law Offices of Jerry J. Treviño, P.C.
1125 South Port Avenue
Corpus Christi, Texas 78405
361-882-5605
361-882-8355 – FAX

### XII.

There are no known demands, including unsatisfied liens or claims of liens, in contract, tort or otherwise, against the M/V MARTHA OLIVER, arising out of the incident referred to herein or suits pending thereon, so far as is known to Plaintiffs, except as stated in the preceding Article to this Complaint.

## XIII.

The fair value of the Plaintiffs' interest in the M/V MARTHA OLIVER on July 15, 2002, immediately after the incident, was $500,000.00.

## XIV.

Plaintiffs desire to contest their liability and the liability of the M/V MARTHA OLIVER for any and all losses, damages, injuries and destruction which may have resulted from the aforesaid casualties, and Plaintiffs claim exoneration from all liability for any such losses, damages, injuries, and destruction and for any claims that may be hereafter made. Plaintiffs allege they have valid defenses thereto in fact and in law. Plaintiffs further claim the benefit of limitation of liability provided in Sections 4282 to 4289, inclusive, of the Revised Statutes of the United States, 46 U.S.C. §§ 181-189, inclusive, and any and all Acts of the Congress of the United States of the amendatory or supplementary thereto, and the Rules of Practice of this Honorable Court and the Supreme Court of the United States.

## XV.

All and singular, the premises are true and are within the jurisdiction of this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray as follows:

1. That this Court adjudge that Plaintiffs are not liable to any extent whatsoever for any losses, damages, injuries, or destruction, any for any claims whatsoever arising in consequence of the events recited in this Complaint, and exonerate Plaintiffs and the M/V MARTHA OLIVER from

all liability therefor, and order that the Plaintiffs recover their costs in this proceeding;

2. In the alternative, if this Court should adjudge that Plaintiffs are liable in any amount whatsoever, that said liability be limited to the value of the interest of the said Plaintiffs in said vessel and its pending freight, if any, as aforesaid;

3. That a Decree in that event may be entered, discharging Plaintiffs from all other liability; and

4. That Plaintiffs have such other and further relief, special and general, in law, in equity or in admiralty, which they may be entitled to received.

Respectfully submitted,

By: _____
F. William Mahley
Federal ID 2863
State Bar No. 12836740
1401 McKinney Street, Suite 2200
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 Fax

OF COUNSEL:
STRASBURGER & PRICE, LLP

ATTORNEY-IN-CHARGE FOR
PLAINTIFFS BLESSEY MARINE
SERVICES, INC. AND BLESSEY
ENTERPRISES, INC.