IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

JUN 1 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF BLESSEY MARINE SERVICES, INC. | § | |
| AND BLESSEY ENTERPRISES, INC., | § | |
| AS OWNER, OWNER PRO HAC VICE, | § | |
| AND/OR OPERATOR OF THE M/V | § | NO. B-04-024 |
| MARTHA OLIVER, IN A CAUSE OF | § | |
| EXONERATION FROM AND/OR | § | |
| LIMITATION OF LIABILITY, CIVIL AND | § | |
| MARITIME | § | ADMIRALTY |

## ANSWER TO FIRST AMENDED COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Carlos Vasquez, as Claimant/Respondent and files his Answer to Petitioners' First Amended Compliant for Exoneration from and/or Limitation of Liability filed by Blessey Marine Services, Inc. and Blessey Enterprises, Inc. as Owner, Pro Hac Vice and/or Operator of the *M/V Martha Oliver* and respectfully shows the court the following:

I.

Claimant/Respondent denies the allegations of Article 5 that the suit was non-suited on or about August 26, 2003. Although a Motion for Non-Suit was filed by predecessor attorney for Claimant/Respondent, Carlos Vasquez, on August 28, 2003, the motion was never set for hearing, argued or ruled upon by the court. Within a reasonable time period prior to any final ruling on said motion by the 206th District Court of Hidalgo County, Claimant/Respondent, Carlos Vasquez, retained a new attorney who filed a Motion to Withdraw Non-Suit on September 26, 2003 which was granted by the 206th District Court of Hidalgo County, Texas on September 29, 2003.

II.

Claimant/Respondent denies the allegations of Articles 6, 7, 8, 9, and 10 and that there does exist sufficient information to justify the allegations in underlying suit brought counter-respondent, Carlos Vasquez, based on claims of negligence, unseaworthiness and damages.

III.

Claimant/Respondent, denies the allegations of Article 12, 13, 14 and 15, however admits that its claim is in an amount that cannot be determined at this time for the reason that Claimant/Respondent's final diagnosis and prognosis has not been determined as of the filing of this answer.  Petitioner to Blessey Marine Services and Blessey Enterprises, Inc. maintains absolute control of employer's medical insurance policy and for reasons of its own, has denied Claimant/Respondent, Carlos Vasquez, certain medical treatment which certain doctors.  Only recently has Petitioner through agreement with Claimant/Respondent's counsel agreed to submit Claimant/Respondent, Carlos Vasquez, to an Orthopedic Specialist for evaluation, pending the furtherance of additional medical diagnostics.  Therefore, until such time that additional diagnostics and medical evaluations are completed, Claimant/Respondent, Carlos Vasquez, damages could exceed the value of the interest of the said Plaintiffs and said vessel and its pending freight, if any.

IV.

And now further answering, Claimant/Respondent, Carlos Vasquez, alleges on information belief, as follows:

On or about July 15, 2002, Claimant/Respondent, Carlos Vasquez, received serious and disabling injuries while employed by Petitioners and acting in the course and scope of his employment on board the vessel *M/V Martha Oliver*.  The injuries which Claimant/Respondent, Carlos Vasquez, received and complains of were caused by and resulted through the negligence of Petitioners, their master, agents, servants and

employees and/or because of the unseaworthiness of its vessel. Claimant/Respondent, Carlos Vasquez, filed suit against Petitioners seeking damages sustained as a result of said incident which is currently pending the 206th District Court of Hidalgo County, Texas and under Cause No. C-1741-03-D, styled, *Carlos Vasquez vs. Blessey Marine Services and Blessey Enterprises, Inc.*

V.

The incident as aforesaid and damages resulting to the Claimant/Respondent, Carlos Vasquez, were caused or contributed to by the unseaworthiness of the *M/V Martha Oliver* and by the negligence of the personnel on board the *M/V Martha Oliver* in the following respects and among others which will be more fully shown at the trial of this cause:

1. *M/V Martha Oliver* was unseaworthy and its pilot in command misapplied its power in the handling of its tow and in the effectuation of the sea maneuver which it was attempting to perform;
2. *M/V Martha Oliver* was not properly manned, equipped, and supplied;
3. *M/V Martha Oliver* failed to take action in recognizing a dangerous situation facing its deckhand when, by the exercise of due care an accident and resulting injury should have been apparent;
4. *M/V Martha Oliver* was preceding at an excessive and improper rate of speed under the circumstances.

VI.

Claimant/Respondent, Carlos Vasquez, further adjourns that the Ad Interim Stipulation attached to the Petitioner for Exoneration from/or Limitation of Liability is improper in the valuation of the *M/V Martha Oliver* is insufficient and Claimant/Respondent reserves the right to contest the appraisal of the said tug.

---

**WHEREFORE, PREMISES CONSIDERED,** Claimant/Respondent, prays Petitioner's right to Exoneration from/or Limitation of Liability be denied.

Respectfully submitted,

LAW OFFICES OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: 361/882-5605
Telecopier: 361/882-8355

By: _____
Jerry J. Trevino
State Bar No. 20211228
Federal ID 15031

Attorney for Claimant/Respondent,
Carlos Vasquez

## CERTIFICATE OF SERVICE

I certify that on June 18, 2004, a true and correct copy of Answer to Complaint was mailed to counsel of record listed below:

**VIA FACSIMILE #713/951-5660
& FIRST CLASS MAIL**
F. William Mahley
STRASBURGER & PRICE
1401 McKinney Street, Ste. 2200
Houston, Texas 77010-4035

_____
Jerry J. Trevino